## MARGARET A. SHEREN *vs.* CITY OF LOWELL.

In an action in the Gen. Sts. c. 44, § 22, for an injury caused at six o'clock on Monday morning by the alleged defective condition of a sidewalk which the defendant town was bound to keep in repair, which condition was occasioned in the course of repairs on an adjoining building which were begun before and finished after the accident, evidence is competent of the condition of the sidewalk at seven o'clock on the previous Saturday evening.

In an action by a laborer in a mill for an injury which occurred Monday, she testified that she kept at work that day and until some time Tuesday when she took to her bed. The defendants, to contradict her, called the overseer of the mill, who testified that she worked there as usual from Monday until some time Thursday; and on cross-examination testified that she came to him Thursday and said she could not attend to her work and asked leave to go away, and he let her go. *Held*, that it was competent for the plaintiff to testify in rebuttal, that this conversation occurred Tuesday, and that she did not see him or talk with him afterwards.

In an action on the Gen. Sts. c. 44, § 22, for an injury alleged to have been caused by a defect in a highway which the defendant town was bound to keep in repair, the answer was only a general denial of the plaintiff's allegations. The town, before the trial, filed interrogatories to the plaintiff, as to the nature, location and description of the defect; the manner, circumstances and nature of the injury; what the plaintiff did immediately after being injured; whether she had since done work, and if so, what and where; and the names and residences of any physicians she had consulted. These interrogatories the plaintiff neglected to answer; and the judge refused a request of the town to require her to answer them. On the trial, the plaintiff testified as a witness, and a verdict was returned in her favor. *Held*, that exceptions to the refusal to require answers to the interrogatories could not be sustained, which did not expressly show that the town was injured by the refusal to answer them.

TORT on the Gen. Sts. *c.* 44, § 22, for injuries alleged to have been caused to the plaintiff by a defect in Merrimack Street, in Lowell, a highway which the defendants were bound to keep in repair and on which the plaintiff was travelling with due care at the time of the accident. The answer denied each and every

Sheren *v.* Lowell.

allegation of the declaration, except that the defendants were bound to keep the street in repair.

At the trial, before *Ames*, J., it appeared that the plaintiff was an operative in the Suffolk Mills, and was going, with due care, to her work, on the morning of Monday, February 8, 1869, about six o clock, when she stumbled and fell, upon a sidewalk in Merrimack Street, and was injured ; that a building adjoining the sidewalk by the side of the place of her fall was undergoing repairs, in the course of which a large hole had been dug in the sidewalk, and covered with a platform, made of boards, on Thursday, February 4 ; and that about three hours after her fall, that is to say, about nine o'clock on the morning of Monday, February 8, the platform was removed in the course of the repairs, the hole filled up, and the sidewalk restored to its usual condition.

James Smith, a witness called by the plaintiff, testified "that about that time he was at work in Billerica, but was in the habit of returning to Lowell on Saturday evenings, and staying there till Monday mornings ; and that, on a certain Saturday night, shortly before he heard of the accident and about a week before he made a visit at the plaintiff's house and found her confined to her bed by sickness from the accident, he noticed the condition of the sidewalk at the place in question, at about seven o'clock in the evening. The defendants objected to the introduction of this evidence without a more definite fixing of the time when the witness was on the spot; but, on the assurance of the plaintiff that she could make the time certain by another witness, the judge permitted Smith to go on and describe the condition of the sidewalk, which he did, the jury being told that they were not to regard the testimony unless they were satisfied that it referred to some time not long before the accident. The plaintiff's mother afterwards testified that Smith's visit at her house was on the Sunday next following the accident."

The plaintiff testified as a witness in her own behalf, that it was dark at the time of the accident, and that the fall was occasioned by her tripping on something which she supposed to be a board. She also testified "that, on Monday, after having met

with the accident, she went to the mill where she was employed and continued during the whole of the day; and that she went there also on Tuesday morning, and remained until about ten o'clock, at which time she gave up, and went home, and took to her bed." The defendants, to contradict the latter part of the plaintiff's testimony, called Richard F. Belden, the overseer of the mill, as a witness, and he testified "that she came to the mill and worked as usual on Monday, Tuesday and Wednesday, and part of the day on Thursday; that he kept a record of the attendance of the operatives in his room, from his own observation; and that he had made out her pay roll crediting her with her labor on these days, and her mother drew her pay for these days." On cross-examination, he said "that the plaintiff came to him on Thursday, saying that she could not attend to her work, and wanted to be 'let out,' and that he let her out accordingly; but that he had no such conversation with her on any earlier day of that week." The plaintiff, against the defendants' objection, was then recalled, and testified "that the conversation described by Belden occurred on Tuesday morning, and that she did not see him or talk with him at all after that time."

The defendants, before the trial, filed interrogatories to the plaintiff. To some of these she filed answers, but refused to answer others unless required to do so by the court. The judge required her to file answers to part of these, but not to the rest. Those which he did not require her to answer were the following: "State whether the defect was ice or snow, or a hole in the street." "If the defect was a hole or depression, state precisely where it was, and describe it carefully; and if it was ice or snow, also give a careful description of it and of its location on the street." "State particularly and fully how you received the injury; and if you fell, state what occasioned the falling, and upon what or into what you fell; give all the particulars." "State whether any one was present with you when you were injured, and whether any one assisted you after the injury; and if so, who." "State where you went immediately after the injury; and whether any one went with you; and if so, who

and whether you went on foot or otherwise; and how you went." " State whether you have had a physician ; if so, state his name, and the names and residences of all physicians you have employed or consulted." " State what work, if any, you have done since the injury, and where, and where you are at work now; and upon what part of your person you were hurt."

The jury found for the plaintiff, with damages in the sum of $3900 ; and the defendants alleged exceptions.

*T. Wentworth & G. Stevens*, for the defendants.

*T. H. Sweetser*, (*J. F. McEvoy* with him,) for the plaintiff.

COLT, J. 1. The testimony of Smith, as to the condition of the sidewalk, became material by the testimony of another witness, which fixed the time when he observed it as being shortly before the injury.

2. The defendants' witness Belden, on cross-examination, stated a new and material fact, not disclosed in the plaintiff's case ; and there can be no doubt of the plaintiff's right to rebut this new matter by her own denial.

3. As to the rulings of the judge in the matter of the interrogatories to the plaintiff filed by the defendants, the defendants' answer was simply a denial of the material facts stated in the declaration ; there was no specific ground of defence set up ; the defendants would have been successful at the trial, either by the failure of the plaintiff to prove her own case, or by the controlling effect of the evidence of the defendants. The plaintiff was only excused from answering those questions which, we think, either sought a disclosure of facts material to the support of the plaintiff's case, or a disclosure of the manner in which she proposed to prove her own case. *Wilson* v. *Webber*, 2 Gray 561. Gen. Sts. *c.* 129, §§ 46, 53.

At all events, the case does not find that the defendants were in any way injured by the plaintiff's not answering further. The knowledge derived from the answers sought would enable the defendants better to prepare in advance to meet the plaintiff's case ; and this was perhaps the only benefit to be derived from them. It is not to be presumed that any statement would be made in them different from what was stated at the trial on

the stand. · The plaintiff was herself a witness ; the defendants had full opportunity to examine her, and to draw out every fact which the interrogatories sought for. It does not appear that they were surprised by her testimony, or needed ..me to meet any new . and unexpected aspect of the case. No sufficient reason is shown for disturbing the verdict in this respect, as it does not appear that the excepting party has been at all prejudiced by the ruling objected to. *Bates* v. *Barber,* 4 Cush. 107.

*Exceptions overruled.* ·