WILLIAM T. BAKER & others *vs.* H. S. CARPENTER & another.

Suffolk.　March 5, 1878. — July 29, 1879.　COLT & SOULE, JJ., absent.

In an action of contract for failure to deliver grain of the quality sold, the answer denied the allegations of the declaration, and averred that the contract was to sell grain of a certain quality subject to the inspection of a person named, and that the latter duly inspected the grain and gave certificates that it was of that quality. The defendant seasonably filed interrogatories to the plaintiff calling for the production of any such certificates the plaintiff might have, and asking when, where and from whom he received them. The plaintiff refused to answer the interrogatories, and a motion of the defendant that he be ordered to answer them was overruled. The case was then tried, and at the trial the plaintiff produced the certificates, and testified when, where and from whom he received them. The jury returned a verdict for the plaintiff, and found specially that the grain was not sold subject to the inspection of the person named. *Held*, that the plaintiff should have been ordered to answer the interrogatories; and that the defendant was entitled to a new trial.

CONTRACT for failure of the defendants to deliver corn and oats of the quality sold by them to the plaintiffs. The declaration alleged that the defendants falsely represented the oats and corn to be good merchantable oats and corn of a certain quality; that the plaintiffs, relying upon said representations, purchased the oats and corn and paid for the same; and that the oats and corn delivered by the defendants were not of the quality represented, but were " of an inferior, poor and worthless quality, whereby the plaintiffs suffered great loss and damage." The answer denied these allegations, and alleged that the defendants agreed to sell the plaintiffs oats and corn of a certain quality, subject to the inspection of one Morgan; and that they were inspected by Morgan and duly certified by him to be of that quality.

In the Superior Court, before the case was opened to the jury, the defendants filed the following interrogatories to the plaintiffs: " 1. Have you, or either of you, in your possession or control, the certificates of inspection made by J. Morgan, either in his own name or in the name of any other person, of the corn and oats described in your declaration? If so, annex them to your answer, and state when, where and from whom you received them. 2. If you have not all of them, state whether you have ever had them, and when, where, from whom and in

what way you received them, when you last had them, what you did with them, where they now are and who has them." The plaintiffs declined to answer the interrogatories, and the defendants moved that they be ordered to do so. *Wilkinson*, J., overruled the motion; and the defendants alleged exceptions.

The action was afterwards tried before *Colburn*, J., and at the trial the plaintiffs produced and put in evidence three several certificates of inspection of the corn in controversy, signed " A. D. Palmer, per J. Morgan; " and testified that they received them by mail, a few days after their respective dates, from Morgan; that the same had been in their custody ever since they were received; that the certificates related to the corn and grain mentioned in the declaration and answer; and that they had received no other certificates relating to the same, at any time, and had none in their possession.

The judge directed the jury to return by special verdict whether or not the grain, which was the subject of controversy in this action, was sold by the defendants to the plaintiffs, subject to the inspection of Morgan; and the jury returned a verdict that it was not, and found for the plaintiffs.

*R. Stone, Jr.*, for the defendants.

*E. D. Sohier & A. Churchill*, for the plaintiffs.

GRAY, C. J. The declaration alleged that the defendants falsely represented the oats and corn, sold by them to the plaintiffs, to be good merchantable oats and corn of a certain quality. The answer denied these allegations, and alleged that the defendants' contract was to sell oats and corn of a certain quality, subject to the inspection of one Morgan; and that they were duly inspected and certified by him to be of that quality. Proof of the contract and the certificate set up in the answer would tend to disprove the plaintiffs' case. *Rodman* v. *Guilford*, 112 Mass. 405. And the defendants might prove each part of this defence, either by independent evidence, or by filing interrogatories to the plaintiffs.

In interrogatories under the statute in an action at law, as in a bill of discovery in equity, a disclosure may be sought of any facts and documents material to the case of the party interrogating. Gen. Sts. c. 129, §§ 46, 53. *Wilson* v. *Webber*, 2 Gray 558. *Peck* v. *Ashley*, 12 Met. 478 And we are all of opinion

that the party, if he seasonably files proper interrogatories, is entitled to be informed of such facts in advance, so as to assist him in preparing for trial; that any error of the court, in refusing to order a disclosure of such facts, is not cured by the introduction of, or opportunity to introduce, testimony on the same point at the trial; and that the *obiter dicta* to the contrary in the case of *Sheren* v. *Lowell*, 104 Mass. 24, cannot be sustained. The decision in that case proceeded upon the ground that the interrogatories which the plaintiff had been excused from answering related only to facts material to the support of her own case, or to a disclosure of the manner in which she proposed to prove it.    *Peppiatt* v. *Smith*, 3 H. & C. 129.

The interrogatories put by the defendants to the plaintiffs in the present case were not open to that objection, and related to both branches of the defence.   They called not merely for the production of Morgan's certificates of inspection, but also for information upon the question when, where and from whom the plaintiffs received them.   The actual inspection and certificates of Morgan would not indeed of themselves have any tendency to prove that the contract between the parties was subject to such inspection and certificates.   But information as to when, where and from whom the plaintiffs received such certificates might have an important bearing upon the issue whether the grain was sold by the defendants subject to such certificates; and the exclusion of such information is not therefore shown to have been immaterial by the special finding of the jury in favor of the plaintiffs upon this issue.

*Exceptions sustained and new trial ordered.*