WILLIAM W. O'NEILL *vs.* TIMOTHY J. REARDON.

Suffolk.     January 12, 1920. — March 7, 1921.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & JENNEY, JJ.

*Broker,* Commission. *Agency,* Agent's compensation, Scope of authority. *Attorney at Law. Contract,* Performance and breach. *Frauds, Statute of. Practice, Civil,* Stipulation, Exceptions.

A real estate broker, who is employed to procure a tenant for certain property by one who is the real owner, but not the title holder, of the premises and who informed him that he was the owner, is entitled to a commission when he procures a tenant who is willing to lease on terms satisfactory to the person so employing him.

A stipulation entered into by the parties through their counsel and filed in an action by a real estate broker to recover a commission for procuring a tenant

for certain property "that when the agreement for a lease was executed, it contained everything that was in the minds of the parties. There was nothing left to be further agreed upon. That the only reason that the lease was not consummated was because the building department of the city . . . required changes in the premises different than those called for by the agreement by the parties," in the absence of any evidence that the stipulation was entered into by reason of any fraud or mistake practised upon the defendant or owner, was. *held* binding upon the parties.

In an action by a real estate broker to recover a commission for procuring a tenant to lease a portion of a certain building, there was evidence that the plaintiff, who was employed for that purpose by the defendant, procured a tenant with whom an agreement to make a lease was signed by both parties which, the defendant testified, was "satisfactory to both parties." The lease was never executed. There was evidence that the reason that the lease was not made was because certain alterations of the premises proposed therein did not comply with building regulations required by St. 1907, c. 550. *Held*, that

(1) The circumstance, that the parties failed to carry out the agreement by executing a lease in accordance with its terms, did not affect the right of the plaintiff to receive a commission;

(2) On all the evidence a verdict should not be ordered for the defendant and the case was for the jury;

(3) The agreement between the plaintiff and the defendant was not without consideration;

(4) Clause 2 of R. L. c. 74, § 1, was not applicable to the agreement between the plaintiff and the defendant;

(5) The plaintiff's right to recover a commission was not affected by the inability of the tenant legally to occupy the building after the proposed alteration.

CONTRACT upon an account annexed for $1,050, the amount of a commission alleged to be due a real estate broker for procuring a tenant for a portion of a building at 1126 Boylston Street in Boston. Writ in the Municipal Court of the City of Boston dated November 27, 1916.

On removal to the Superior Court the action was tried before *Morton*, J. Material evidence is described in the opinion. At the close of the evidence, the defendant filed a motion that a verdict be ordered for the defendant, which was denied, and asked for the following rulings:

"1. Upon all the evidence a verdict should be directed for the defendant."

"3. On all the evidence it appears that, if the defendant did make a contract with the plaintiff, there was no consideration for such contract.

"33A. If the defendant made such promise as the plaintiff claims, it is an oral promise to answer to the debt of another

which under R. L. c. 74, § 1, cl. 2, cannot be proved without a memorandum signed by the party to be charged.

"4. The evidence does not warrant a finding that the alleged tenant, the Boston Nurses' Club, acting through their duly constituted officers, was ready, able and willing to become a tenant of the building, 1126 Boylston Street, known as the Fenway Building.

"5. On all the evidence, where the owner of a building employed a real estate broker to find a tenant for it and the broker procured a person who executed with the owner a 'memorandum of agreement' or 'an agreement for a lease' drafted with great care and setting forth certain terms of a proposed lease to be executed by the parties containing the 'principal points of their joint understanding' but which did not contain 'all that the lease was intended to contain' and left the unexpressed terms of the lease to be agreed upon subsequently between the parties and where the parties subsequently failed to agree on such terms and after certain negotiations the proposed tenant refused to take a lease of the building on the terms required by the owner, the broker cannot recover a commission for his services, because there is no evidence that the proposed tenant was ready and willing to become a tenant of the building on the owner's terms or that the owner accepted him as such a tenant.

"6. On all the evidence it is apparent that said plaintiff was the agent for the alleged trustee acting in a position antagonistic to the interest of the defendant, thus said plaintiff assumed a double relation disqualifying him from performing faithfully the services for which he alleges he was originally employed, and therefore said plaintiff cannot recover a commission from the defendant in this action.

"7. On all the evidence it appears that the subject matter of the alleged contract was illegal in that said lease or contract called for a house of habitation and that said 1126 Boylston Street was not a house of habitation; was never made into a house of habitation and was condemned as a house of habitation by the building department of the city of Boston because of the fact that maintaining a house of habitation on said premises was a violation of c. 550 of the St. of 1907; said contract being illegal said plaintiff cannot recover a commission.

"8. On all the evidence it appears, particularly from the testimony of architect McFarland, that said plaintiff knew that said building on said premises was not a house of habitation; could not be made into a house of habitation and comply with the building laws, therefore said plaintiff knowing the illegality of said contract cannot recover in this action."

The rulings were refused.

There was a verdict for the plaintiff in the sum of $1,286.25; and the defendant alleged exceptions.

*H. A. Kenny,* (*D. J. Gillen* with him,) for the defendant.

*R. H. Sherman,* for the plaintiff.

CROSBY, J. This is an action brought by a broker to recover a commission for procuring a tenant to lease a portion of a building at 1126 Boylston Street in Boston. There was a verdict for the plaintiff and the case is before us on the defendant's exceptions.

There was evidence that the defendant was the real owner of the premises, title to which stood in the name of his half sister, Mary A. Tobin, who so held title because of his financial condition; that at the time the plaintiff was employed by the defendant to procure a tenant, he did not know that the defendant was not the owner, and did not learn that fact until after he had procured the Boston Nurses' Club as a tenant. If, as the jury could have found, the defendant told the plaintiff that he was the owner of the premises, and the plaintiff, believing the statement so made to be true, found one who was willing to lease on terms satisfactory to the defendant, his commission was earned even if the defendant did not own the property. *Monk* v. *Parker,* 180 Mass. 246.

There was evidence that the club intended to occupy the premises as a home for nurses, that many changes in the building would be required, and that an architect was employed who prepared plans showing the alterations to be made. Afterwards, an agreement for a lease was signed by Mary A. Tobin and the Boston Nurses' Club, which provided for many alterations, and which the plaintiff contends contained all the terms of the proposed lease. After the trial, and after the bill of exceptions had been allowed, the parties by their counsel entered into a stipulation, which was filed in court, as follows: "It is hereby stipu-

lated and agreed that the plans and blue-prints are too bulky to be printed. It is hereby further stipulated and agreed that when the agreement for a lease was executed, it contained everything that was in the minds of the parties. There was nothing left to be further agreed upon. That the only reason that the lease was not consummated was because the Building Department of the City of Boston required changes in the premises different than those called for by the agreement by the parties." It is the contention of the defendant that the agreement does not contain all the terms of the lease to be entered into, and therefore that no contract for a lease was made which was acceptable to him, and that a tenant was not procured who was able, ready and willing to lease the property upon terms acceptable to the owner. There is no evidence that the stipulation was entered into by reason of any fraud or mistake practised upon the defendant or owner, accordingly there seems to be no valid reason why it should not be held to be binding upon the parties. But, wholly apart from the stipulation, there was evidence which warranted a finding that in fact the agreement contained all the terms of the lease which was thereafter to be executed. The defendant testified "That the agreement to make a lease signed by both parties was satisfactory to both parties." It was a question of fact for the jury. The circumstance, that the parties failed to carry out the agreement by executing a lease in accordance with its terms, does not affect the right of the plaintiff to receive a commission. *Fitzpatrick* v. *Gilson*, 176 Mass. 477. *Taylor* v. *Schofield*, 191 Mass. 1. *Willard* v. *Wright*, 203 Mass. 406. *Leland* v. *Barber*, 228 Mass. 144. The defendant's first request, that on all the evidence a verdict should be directed for the defendant, could not have been given; the case was properly submitted to the jury.

The third request, that if the defendant made a contract with the plaintiff it was without consideration, was rightly refused. The request "33A," that if any promise was made by the defendant to the plaintiff it was a promise to answer for the debt of another and was within the statute of frauds, could not have been given; that statute has no application to the facts in the case at bar. There was ample evidence that the Boston Nurses' Club by its authorized agent was able, ready and willing to become a tenant of the building, on terms acceptable to the owner;

accordingly the fourth and fifth requests could not have been given. There is no evidence which would warrant a finding that the plaintiff acted as agent for both parties in carrying out the terms of his employment by the defendant; therefore, the sixth request was rightly refused. If, after the alterations agreed upon had been made, the premises could not legally be occupied by the proposed tenant because contrary to St. 1907, c. 550, still the plaintiff's right to recover a commission was not thereby affected; it follows that requests seven and eight were properly refused. The exceptions to the exclusion of the testimony of the witness Goode cannot be sustained, as it all related to matters which were plainly irrelevant and immaterial.

*Exceptions overruled.*