### JOSEPH J. BUONO *vs.* JAMES F. CODY.

Suffolk. November 13, 1924. — February 24, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Practice, Civil,* Verdict by leave reserved, Exceptions. *Broker,* Commission. *Contract,* What constitutes, Performance and breach, For sale of real estate. *Evidence,* Admission.

A bill of exceptions filed in an action of contract stated that at the close of the evidence the defendant moved that a verdict be ordered in his favor; that the trial judge "took no action on the motion but submitted the case to the jury with appropriate instructions, and the jury returned a verdict for the plaintiff"; that the judge, before the verdict was recorded, reserved leave, with the assent of the jury, to enter a verdict for the defendant "if, upon the exceptions taken or the questions of law reserved, the trial court or the Supreme Judicial Court should decide that such verdict for the defendant should have been entered." No exception to this proceeding appeared upon the record. In this court, the plaintiff argued that this procedure was unwarranted because it did not appear that exception had been alleged to any ruling or direction, or that any question of law had been reserved in the course of the trial, and it was *held,* that that contention was not open to the plaintiff on the record.

After the return of the verdict for the plaintiff in the action above described, the judge allowed a motion by the defendant to the effect that a verdict be entered in his favor in accordance with leave reserved. The plaintiff excepted to the allowance of the motion. *Held,* that such exception was sufficient to raise in this court the question whether there was evidence in its aspect most favorable to the plaintiff's contention to support a verdict in his favor.

At the trial of an action for a commission by a real estate broker for procuring a purchaser of real estate of the defendant, there was evidence

tending to show that the defendant went to the office of the plaintiff with a list of property which he wanted to sell; that, as to a certain house, the defendant stated his price and that the property was subject to a mortgage, and also stated that he was the owner of that property, and, replying to an inquiry by the plaintiff, stated that the plaintiff would be "entitled to full commission in case" he should sell that property. The plaintiff procured a prospective customer and then inquired of the defendant if he should receive a deposit of $500 from him, to which the defendant replied, "Go ahead"; that the plaintiff then drew a contract between the customer and himself acknowledging receipt of the deposit and stating certain terms of sale; that before the agreement was signed or the deposit taken, the plaintiff gave the defendant its full details and asked if it was all right, and that the defendant replied, "It is all right, go ahead"; that one copy of the agreement, after it was signed, was then given to the defendant; that later, in conversation with the plaintiff, the defendant insisted that the customer had "got to live up to his agreement; you shouldn't give him the money back." The defendant afterwards refused to carry out the agreement. By order of the judge, a verdict was entered for the defendant. *Held*, that

(1) If the contract was found to be that the plaintiff was to have his commission if he sold the property, he was not obliged to show that an actual transfer had been made; his duty was done when he had produced a customer who was able, ready and willing to pay the defendant's price, and whom the defendant had accepted;

(2) There was evidence sufficient to warrant a finding that the terms of the offer procured by the plaintiff were approved by the defendant and that he knew the name of the customer from the copy of the agreement handed him, and not only made no objection to him but inferentially accepted him;

(3) If the above finding was made, it was not necessary for the plaintiff to produce a customer able, ready and willing to pay the price in cash;

(4) In such circumstances, the plaintiff was not obliged to show that the defendant made a contract binding on the customer;

(5) Testimony by the customer to the effect that he was ready, able and willing to buy the property on the terms stated in the agreement was enough to require the submission of that question to the jury;

(6) The plaintiff having testified that the defendant asserted that he owned the property, the question, whether he treated with the defendant on that footing or whether he treated with him on the footing that the defendant was acting as agent for some one else, as the defendant contended, was one of fact for the jury;

(7) A reference in the written agreement between the plaintiff and his customer that, if the plaintiff "as Agent is not satisfied with all details as arranged with" the defendant as a representative of a bank, mortgagee, the deposit would be returned without expense to the customer, was not an admission as a matter of law conclusively determining that the plaintiff knew the defendant was an agent and not an owner of the property;

(8) It was error to order a verdict for the defendant.

CONTRACT by a real estate broker for a commission for procuring a purchaser of real estate at the corner of Washington Street and Columbia Road in that part of Boston called Dorchester. Writ dated March 15, 1923.

In the Superior Court, the action was tried before *Hammond*, J. Material evidence is described in the opinion. The record states: "At the close of the evidence, the defendant moved that the jury be directed to return a verdict for the defendant. The court took no action on this motion but submitted the case to the jury with appropriate instructions and the jury returned a verdict for the plaintiff" in the sum of $1,583.18. The record disclosed no exception to this action by the judge.

The record then continued: "After the return of the verdict and before the recording thereof, the trial judge reserved leave with the assent of the jury to enter a verdict for the defendant, if, upon the exceptions taken or the questions of law reserved, the trial court or the Supreme Judicial Court should decide that such verdict for the defendant should have been entered. Subsequently the trial judge allowed a motion of the defendant that the court enter a verdict for the defendant in accordance with the leave reserved as provided in G. L. c. 231, § 120. The plaintiff duly excepted to the allowance of this motion."

*J. C. Coughlin*, for the plaintiff.

*N. Barnett*, for the defendant.

RUGG, C.J. This is an action of contract to recover a commission for procuring a purchaser for real estate. At the close of the evidence the defendant moved that the jury be directed to return a verdict for the defendant. No action was taken on that motion, but the case was submitted to the jury with appropriate instructions. After a verdict had been returned for the plaintiff, but before it was recorded, the judge reserved leave with the assent of the jury to enter a verdict for the defendant if, upon the exceptions taken or the questions of law reserved, the trial court or the Supreme Judicial Court should decide that a verdict for the defendant ought to have been entered.

It has been argued that this procedure was unwarranted

because it does not appear that exception had been alleged to any ruling or direction, or that any question of law had been reserved in the course of the trial, and that hence the conditions prerequisite according to G. L. c. 231, § 120, for such action by the judge, did not exist. That question is not open on this record because no exception was taken to this procedure.

Subsequently the judge allowed a motion of the defendant to the effect that a verdict be entered in his favor in accordance with leave reserved. The plaintiff excepted. The question is thus presented whether there was evidence in its aspect most favorable to his contentions to support a verdict for the plaintiff. Exception to the allowance of this motion without further specification was sufficient to raise that question. The bill of exceptions is in proper form to present that question.

There was testimony tending to show that the defendant came to the office of the plaintiff, a real estate broker, with a list of property which he wanted to sell, and that inquiry was made about a ten-apartment house; that the defendant said that the price was $54,000; that there was a mortgage for $44,000 on it, and that he, the defendant, was owner of the building. The plaintiff said, "Then I am entitled to full commission in case I should sell this property?" The defendant replied, "Absolutely." The plaintiff took a prospective customer to see the property several times. He then telephoned to the defendant that his prospective customer was interested and was ready to pay a deposit, and inquired if it was all right to take a deposit of $500. The defendant said, " Go ahead." The plaintiff then drew a contract between his customer and himself, acknowledging receipt of the deposit of $500 toward the purchase of the property and stating the terms of purchase to be, price $54,000, of which, $44,000 was on a first mortgage to run for five years, $4,500 was to be paid in cash on the day of passing papers, and the balance of $5,000 was to remain on a second mortgage at six per cent interest payable quarterly, to be paid within five years. Three copies of the agreement were made, of which one was given to the purchaser, one to

the defendant and one kept by the plaintiff. When the agreement was shown to the defendant on the day following its execution, he made no objection to it and took it away with him. At the same time the plaintiff said that his customer "would be ready to complete the deal and pass papers" and would want to engage a lawyer to look up the title. The defendant said, "It is all right. We will get together and give you the old deed so he can save some money by having the old deed to look up the title." Before this agreement was signed or the deposit taken, the plaintiff gave to the defendant its full details as proposed, and asked if it was all right to go ahead, and the defendant replied, "It is all right, go ahead." There was nothing in the agreement as to the person who was to take the second mortgage, because the defendant "said he would take care of the financial part himself." There was some delay in getting a deed from the defendant by which the title might be searched, and after several days the plaintiff said to the defendant, "If this thing isn't going through, please tell me so that I can give my man his money back." To this the defendant replied, "No, he has got to live up to his agreement; you shouldn't give him the money back. I will bring you that deed. I will get everything fixed up in a very short time now." The defendant testified that "if the plaintiff had secured a customer who met the owner's terms, he was entitled to a commission whether or not the owner later refused to sell." There was testimony tending to show that a quite different contract was made between the plaintiff and the defendant; that the defendant said he was merely acting as agent for the owner, who never agreed to the terms offered. The weight of the evidence is of no consequence, now. That was entirely for the jury.

If the contract was found to be that the plaintiff was to have his commission if he sold the property, he "was not obliged to show that an actual transfer had been made, but that his duty was done when he produced a customer who was able, ready and willing to pay the defendant's price, and whom the defendant had accepted. *Fitzpatrick* v. *Gilson*, 176 Mass. 477, and cases there cited." *Taylor* v.

*Schofield*, 191 Mass. 1, 4.    *Cohen* v. *Ames*, 205 Mass. 186, 188.    *Willard* v. *Wright*, 203 Mass. 406, 409.    *Walker* v. *Russell*, 240 Mass. 386, 390, and cases there collected.

There was evidence sufficient to warrant a finding that the terms of the offer procured by the plaintiff were approved by the defendant and that he knew the name of the customer from the copy of the agreement handed him, and not only made no objection to him but inferentially accepted him.

If these were found to be the facts, it was not necessary for the plaintiff to produce a customer able, ready and willing to pay the price in cash, as he would have been required to do if no other terms had been mentioned.    *Pearlstein* v. *Novitch*, 239 Mass. 228, 231.

The plaintiff was not obliged to show in these circumstances that he had made a contract binding on his customer. *Goodnough* v. *Kinney*, 205 Mass. 203.

There was also evidence tending to show that the customer produced by the plaintiff was ready, able and willing to buy the property on the terms stated in the agreement. The customer so testified.    That was enough to raise a question of fact.    *Walker* v. *Russell*, 240 Mass. 386, 391.

If the plaintiff knew that the defendant was acting throughout as agent for some one else, probably he could not be held as principal for the commission upon the evidence here disclosed.    But the plaintiff testified that the defendant asserted that he owned the property.    Whether the plaintiff treated with him on that footing was a question of fact.    "If the broker is ignorant what the defendant's relation to the land is, and is asked to find a purchaser for the land, and does find one, who is willing to buy on terms satisfactory to the defendant, his commission is earned, even if the defendant does not then own the land and afterwards is unsuccessful in buying it, or if for any other reason he cannot avail himself of the offer procured by the broker."    *Monk* v. *Parker*, 180 Mass. 246, 248. ˙ *O'Neill* v. *Reardon*, 238 Mass. 120, 123.    *Zilli* v. *Rome*, 240 Mass. 368, 371.

The reference in the written agreement between the plaintiff and his customer that if the plaintiff "as Agent is not satisfied with all details as arranged with Mr. Cody, repre-

senting the bank," the deposit would be returned without expense to the customer, was not an admission binding on the plaintiff that he knew the defendant was agent. It was only evidentiary. That statement, read in conjunction with the plaintiff's testimony that the Federal Trust Company (of which the defendant had said he was a director according to some of the evidence) held the first mortgage on the property, "that they were the owners," and that the mortgage was all right for five years, may have been found to refer to the terms of that first mortgage and the time it might remain. This is not a case where it can be said as matter of law that the plaintiff was bound to know that the defendant was agent and not principal in view of all his testimony. *Sullivan* v. *Boston Elevated Railway*, 224 Mass. 405, 406.

The granting of the motion for the entry of verdict in favor of the defendant in accordance with leave reserved, was error. The case was one for the jury. It is stated in the exceptions that the case was submitted to the jury under appropriate instructions and that the verdict was returned for the plaintiff. That verdict on this record ought to stand. This point is fully covered by *Kaminski* v. *Fournier*, 235 Mass. 51, 55.

> *Exceptions sustained.*
> *Verdict of jury as first returned to stand.*
> *Judgment for plaintiff on that verdict.*