Riley, P. J.
The Trial judge in this case, after a finding for the plaintiff, reported for determination the overruling of the defendant’s demurrer, the denial of the defendant’s motion- for further particulars, the overruling of the defendant’s- motion for further answers' to interrogatories and his Rulings and denial of the defendant’s Requests for Rulings, duly filed at the trial of the case.
The plaintiff’s Declaration is as folio-ws: “The plaintiff -s-ays that he is a real estate broker and agent, having a usual place of business in Adams, Berkshire County and Commonwealth -of Massachusetts; that he was consulted by the -defendant and instructed by her to sell certain property located in Adams, Berkshire County and Commonwealth off Massachusetts, and that, in pursuance of -said request of the defendant, the plaintiff found a customer for said premises who was ready, willing and atole ot purchase for the price of Eight Thousand Dollars ($8,000.00), and the said defendant accepted an offer of Eight Thousand Dollars ($8,000.00).
*233 1 ‘ WHEBiEPORE, the plaintiff says that the defendant owes him the sum of Pour Hundred Dollars ($400.00) with interest from March 30, 1946, as commission on the said sale in accordance with an agreement previously made by the plaintiff with the defendant, that the said defendant was to pay commission at the rate of five ('5) per cent of the selling price. ’ ’
‘The causes alleged for the defendant’s demurrer were that the Declaration does not state a cause of action in a manner required by law and, particularly, because it does not state that the plaintiff has performed the terms of the alleged contract or allege any breach thereof. While the Declaration is inartificially drawn, we thinik it sufficiently states a cause of action and performance of the contract by the plaintiff and sufficient allegation that the defendant has not made payment of the amount which the plaintiff claims due under the contract. iSee Dadario vs. Pittsfield, 301 Mass. 552 at 555 and cases cited.
The Declaration sufficiently alleges the employment of the plaintiff as a real estate broker to sell a certain piece of property for the defendant at an agreed commission o:f 5 per cent of the selling price. It also alleges that the plaintiff found such a customer who was ready, able and willing to purchase the property for the price asked by the defendant and an acceptance of the offer by the defendant. This is sufficient to enable the plaintiff to maintain his~action. Fitzpatrick vs. Gilson, 176 Mass. 477, 478 and 479 and cases cited. Buono vs. Cody, 251 Mass. 286 at 291 and cases cited. Lieberman vs. Cohn, 288 Mass. 327. We think there was no error in overruling the defendant’s demurrer. Moreover, under C. L. Chap. 231 Sec. 51, the Declaration could have been amended at any time before final judgment, if thought necessary.
The defendant’s motion for bill o'f particulars sought to require the plaintiff to answer the following: 1. The time *234 when, and place where, the alleged contract, if any, was made; '2. Whether or not the contract or obligation, if any, upon which the Plaintiff seeks to charge the Defendant ever existed or now exists in any part in writing; and that the Plaintiff be further required, in case he .specifies that it was ever expressed in writing, to annex a copy of any such writing to his declaration; 3. The time when, if ever, and the manner in which, the Plaintiff claims to have performed his alleged agreement; 4. The time when, if ever, and the manner in which, the Defendant violated such agreement, if any; and 5. The name or names and address of the “Customer” found by the Plaintiff as alleged in his declaration.
We think there was no error by the trial court in overruling the defendant’s motion for these particulars. Ordinarily it is a matter of discretion with the trial court whether or not particulars of specifications shall be ordered. Nickerson vs. Glines, 220 Mass. 333. We do not think the discretion of the trial court has been abused in the case at bar. Under U. L. Chap. 231 Sec. 70, as under the Common Law, particulars are designed to give the adverse party and the court reasonable knowledge of the nature and grounds of the action. Particulars sought in this case seems t» be more in the nature of interrogatories, as they call for the time of the making of the contract, its performance or violation and whether or not the contract was in writing. Moreover, many of the things sought by the defendant in her motion for bill of particulars were also- covered by her interrogatories.
The following interrogatories were not answered by the plaintiff and the judge, upon motion of the defendant, declined to order further answers thereto: 6. Give the date, place and substance of each and every conversation between you and the Defendant, or between other persons and *235 the Defendant and at which yon were present, if any, at which the subject of the .sale of any premises owned by the Defendant was discussed, from and including* the first such conversation to and including the date of the writ in this action. 7. Who was present at each of the conversations listed in your reply to the preceding interrogatory? 16. State the date and substance of any conversations which you have had with Mr. John Doe Wieneek, whose full and true Christian name is not known to the Defendant but is believed to be Walter, or with the wife of said person, both of whom reside on the second floor at No. 7 Liberty Street, in Adams, Massachusetts, relative to conversations by them or either of them with any person or persons other than the Plaintiff concerning this action. 17. On what date was the writ in this action: a. Prepared with the intention of being delivered to an officer for service upon the Defendant? b. Prepared and delivered to an officer with a bonafide intent to have it served upon the Department? c. Delivered to an officer for service upon the Defendant?
It is stated in the Report that none of the interrogatories answered by the plaintiff covered or inquired about the same subjects or matters as quoted in the above interrogatories.
Interrogatory Seven might be construed as calling for the names of the plaintiff’s witnesses and the court was right in not ordering* it answered.
Interrogatory Sixteen calls for conversations between the plaintiff and his alleged customer relative to conversations with third persons. The interrogatory is' involved and there is nothing to show that such conversations might be relevant or admissible and the court was right in not requiring the plaintiff to answer it.
Interrogatory Six calls for the time, place and substance of the making of the contract between the plaintiff and the *236 defendant. It is rather involved and calls for all the conversations- between the plaintiff and the defendant and between other persons and the defendant, at which the plaintiff was present, from the time of the beginning of negotiations until the bringing of the action. At the trial of the case the judge might, in his discretion, compel the defendant to rephrase the question or simplify it. However, with written interrogatories where a party has sufficient time to -study, consider, write out and check his answers, .such -a question would seem to be permissible. In Warren vs. Decoste, 269 Mass. 415 at 417, the court says: “Statutory law as to interrogatories, -Gr. L. c. 231 Secs. 61-67, both inclusive, has been expounded somewhat fully in recent decisions. Cutter v. Cooper, 234 Mass. 307. Goldman v. Ashkins, 266 Mass. 374. See Looney v. Saltonstall, 212 Mass. 69. That ground need not be traversed again. S-um-marily stated, so far -as here material, these sections of the statute enable a party to interrogate his adversary to the same extent as would be permissible if he were called as a witness at the trial. The test in general as to the necessity of making answers to interrogatories is whether they are.directed to obtain disclosure of facts admissible in evidence as to which the party interrogated could be required to testify as a witness. The interrogatories must be proper in form and designed to- elicit facts within the knowledge of the party and admissible in evidence upon the issue raised by the pleadings.” Interrogatory Seventeen sought to obtain the date of the preparation and delivery of the writ to an officer for service. This was a pertinent query for the defendant to make, as -one of her defences was that the plaintiff had not procured -a customer who- was ready, able and willing to purchase the property at the time the writ was dated.
*237 It is argued that after the trial of the ease, where the defendant has had an opportunity to examine the plaintiff as to all matters in controversy, there was- no prejudicial error in the action of the judge in not ordering further answers to these interrogatories. However, the court said in. Cutter vs. Cooper, 234 Mass. 307 at 315, “The circumstances that there has been a trial at which the facts sought by the interrogatories might have been the subject of evidence is by itself no sufficient reason why a party may not have reviewed the decision of the judge in refusing to order answers to be ¡made. It was said by Chief Justice Gray in Baker v. Carpenter, 127 Mass. 226, at page 228, ‘that the party, if he -seasonably files proper interrogatories, is entitled to be informed of such facts in advance, so as to assist him in preparing for trial; that any error of the court, in refusing to order a disclosure of such facts, is not cured by the introduction of, or opportunity to introduce, testimony on the same point at the trial’. Gunn v. New York, New Haven, & Hartford Railroad, 171 Mass. 417, 421. Whenever, therefore, the rulings of the judge have resulted in a denial of the right to secure disclosure of facts having a substantial relation to the issues involved, there is good ground for exception unless it appears that the substantial rights of the excepting party have not been injuriously affected.” In the light of this decision we cannot say that the substantial rights -of the defendant have not been injuriously affected and, accordingly, feel that a new trial should be had.
This makes it unnecessary to deal with the defendant’s requests for rulings reported, or the rulings of law made by the trial judge upon the merits of the case, as the same questions may not be raised at another trial. It might be observed, however, that both parties have laid great stress in their arguments upon the ability of the customer pro *238 cured by the plaintiff to purchase the property in question. Neither counsel have adverted: to the fact that the judge might have found that the customer wag accepted by the defendant and that, consequently, the question of his ability to purchase the property might have been immaterial. See Buono vs. Cody, 251 Mass. 286 at 291, where the court says, “There was evidence sufficient to warrant a finding that the terms of the ‘offer procured by the plaintiff were approved by the defendant and that he knew the name of the customer from the copy of the agreement handed him, and not only made no objection to him but inferentially ¡accepted him.
“If these were found to be the facts, it was not necessary for the plaintiff to produce a customer able, ready and willing to pay the price in cash, as he would have been .required to do if no other terms had been mentioned. Pearlstein v. Novitch, 239 Mass. 228, 231.
“The plaintiff was not obliged to show in these circumstances that he had made a contract binding on his customer. Goodnough v. Kinney, 205 Mass. 203.
“There was also evidence tending to show that the customer produced by the plaintiff was ready, able and willing to buy the property on the terms stated in the agreement. The customer so testified. That was enough to raise a question of fact. Walker v. Russell, 240 Mass. 386, 391.” Also Chapin v. Ruby, Mass. A. S. (1947) 841 at 843.
We make no decision as to the trial judge’s rulings upon the defendant’s requests or his rulings at the trial upon the merits of the case, but, for error in not requiring the plaintiff to answer the defendant’s interrogatories described above, a new trial is ordered.