Cohen, Draymore and Michelman, for the plaintiff.

Brooks and Wallace, Specially for defendant.

*District Court of Lawrence*

No. 703 of 1955

*Northern District*

No. 4960

**DANIEL L. McKALLAGAT**

**v.**

**GIOVANNI LaCOGNATA**

(June 27, 1956)

*Brooks, J.* This is an action of contract to recover a commission of $1,000 for procuring a customer for the sale of Capri Cafe, Inc. Defendant answers general denial.

*There was evidence* that on June 8 or 9 of 1955, plaintiff, a real estate agent, discussed with defendant the possible sale by the latter of all the assets of Capri Cafe, Inc., which were owned by defendant as sole stockholder. After engaging the plaintiff to procure a customer for the purchase of the property, the parties proceeded to the office of one Freedman with whom they discussed his purchase of the cafe. A price of $50,000 was agreed upon with a commission to plaintiff of $1,000.

Plaintiff suggested that lawyers would be necessary and Freedman telephoned his lawyer. Then, plaintiff, defendant, Freedman and his lawyer, met at the cafe. The same four met the next morning at the lawyer's office together with the defendant's lawyer and Freedman's accountant. All the terms of the contract were agreed on, including the addition of $250 on the purchase price for the unexpired portion of a liquor license, making the agreed price $50,250. A formal agreement was to be drawn the next day.

That same afternoon plaintiff went to the Capri Cafe, Inc., with a letter to himself signed by Freedman which he persuaded defendant to sign individually and as president of the Capri Cafe, Inc. Copy of the letter follows:

Maurice Rappaport
Attorney at Law
801-803 Bay State Building
Lawrence, Mass.

———

Telephone 6109

June 10, 1955.

Mr. Daniel L. McKallagat
301 Essex St.,
Lawrence, Massachusetts.

Dear Sir:

Relative to the purchase of Capri Cafe, Inc., I offer the sum of Fifty Thousand Two Hundred Fifty and no/100 ($50,250.00) Dollars for the purchase of the building and all assets of the corporation if suitable terms and conditions can be agreed upon.

I am submitting to you my check in the amount of Twenty-five Hundred ($2,500.00) Dollars as a binder for this agreement, said check to be returned to me if an Agreement in writing is not signed by the proper parties on or before June 15, 1955.

(S)   HARRY FREEDMAN

I hereby agree to the above terms.

CAPRI CAFE, INC.

By   (S)   GIOVANNI LaCOGNATA
President

(S)   GIOVANNI LaCOGNATA
Individually

A day or two later, defendant called Freedman and his lawyer and told them that the deal was off. When informed of this, plaintiff called defendant to find out the reason and was told that the cafe was no longer for sale.

At the close of the trial, defendant filed the following requests for rulings:

1. On all the evidence a finding is warranted that the plaintiff cannot recover.

2. On all the evidence a finding is warranted for the defendant.

3. On all the evidence a finding is warranted that the plaintiff has failed to maintain burden of proof.

4. If the Court finds that the defendant engaged the plaintiff and the Court further finds that the plaintiff was to be paid a commission, only if and when the deal was consummated and the deed and papers passed, then the Court must find for the defendant.

5. The burden of proof is on the plaintiff to prove that he procured a customer in accordance with the terms agreed upon between the plaintiff and the defendant.

6. As a matter of law, a consummation of the deal was a condition precedent to the plaintiff's right to recover the commission agreed upon.

7. On all the evidence a finding is warranted that the plaintiff would accept a commission of One Thousand Dollars ($1,000.00) when and if the sale alleged in the plaintiff's declaration was consummated.

8. On all the evidence a finding is warranted that the plaintiff had only procured a conditional offer, conditioned upon the buyer and the defendant arriving at suitable terms and conditions.

9. On all the evidence a finding is warranted that the plaintiff was to procure a written agreement between the defendant and the prospective buyer on or before June 15, 1955.

10. On all the evidence a finding is warranted that the plaintiff did not procure a written agreement, as required by the conditional offer of purchase.

11. As a matter of law, the defendant had the legal right to terminate the plaintiff's services at any time prior to the plaintiff's procuring a completed sale of the property alleged in the plaintiff's declaration.

12. The burden is on the plaintiff to prove that he produced a purchaser ready, willing and able to purchase on the defendant's terms prior to the termination of the plaintiff's services by the defendant.

13. On all the evidence, a finding is warranted that the plaintiff failed to produce a purchaser able, ready and willing to purchase on defendant's terms prior to the termination of the plaintiff's services by the defendant.

The court found and ruled as follows:

"Requests 1, 2, 3, 6, 8, 11 and 13 each denied in the form requested — see my findings of fact;

"Requests 4, 7, 9 and 10 denied — the Court does not find as a fact the facts upon which each of these requests are founded — see my findings of fact;

"Requests 5 and 12 allowed — but see my findings of fact."

The court found that defendant employed plaintiff to procure a customer on the terms set forth in the report, and that plaintiff did in fact procure such a customer who was able, ready and willing to purchase on those terms. The court found that plaintiff had performed all the terms of this employment and that he was entitled to receive from defendant, Giovanni LaCognata, the sum of $1,000 with interest from June 13, 1955.

The case comes to us on the court's denial of defendant's requests Nos. 1, 2, 3, 4, 6, 7, 8, 9, 10, 11, 13.

A real estate agent is entitled to a commission when, after being engaged by the seller to find a customer at an agreed figure, he finds such a customer who is ready, able and willing to purchase on the seller's terms. *Buono v. Cody,* 251 Mass. 286. *Barsky v. Hansen,* 311 Mass. 14, 16.

It makes no difference that the seller thereafter refuses to sell the property. The agent is still entitled to his commission. *Buono v. Cody,* supra, p. 290: "If the contract was found to be that the plaintiff was to have his commission if he sold the property, he 'was not obliged to show that an actual transfer had been made, but that his duty was done when he produced a customer who was able, ready and willing to pay the defendant's price, and whom the defendant had accepted.' "

Where actions were brought to recover commissions for the "sale" of property or "to make a sale," those words have been assumed to mean to procure a customer who was able, ready and willing to purchase on the terms of the owner. *Walker v. Russell,* 240 Mass. 386, 390. See also *Driscoll v. Bunar,* 328 Mass. 398, 401, 403. *Palmer Russell Co. v. Rothen-*

*berg,* 328 Mass. 477, 481. *Alphen v. Bryant's Market,* 329 Mass. 540, 542.

It was argued in this case that because defendant withdrew the property from sale before any formal agreement had been signed, defendant was not obliged to pay a commission to plaintiff. It was admitted by defendant's counsel during argument that had no letter been signed by the parties suggesting a formal agreement, plaintiff would have been entitled to a commission. This is undoubtedly correct. We fail to see why the letter should deprive plaintiff of his commission.

The letter was obviously merely intended to formalize what the parties had agreed upon. If there had been evidence of disagreement or uncertainty as to details prior to the suggestion of the letter, the phrase "if suitable terms and conditions can be agreed on" might be considered as contemplating settlement of disputed items but apparently there were none. As the report states, "All the terms and conditions had been agreed upon."

The court's specific finding that plaintiff had performed all the terms of his employment is based on the evidence reported and must stand. There was no error in the court's disposition of the requests for rulings.

Report dismissed.

Maurice Rappaport, for the plaintiff.

Joseph C. Campione, for the defendant.