*Municipal Court of the City of Boston*

No. 13892

**CHARLES TALANIAN, d/b/a**

v.

**RAYMOND C. ROGERS**

(June 23 - November 15, 1961)

*Present*: Gillen, J. (Presiding), Roberts & Canavan, J.J.

Case tried to *Lewiton, J.*

*Roberts, J.* This is an action sounding in contract against the defendant who was the owner of property in Boston, Suffolk County. Count 1 of the plaintiff's substitute declaration in contract alleges in substance that the plaintiff produced a buyer ready, willing and able to purchase said property according to the terms of the purchase and sales agreement, and that the plaintiff is thereby entitled to receive his commission. Count 2 is an account annexed for the same cause of action.

The answer of the defendant consisted of a general denial and affirmative plea consisting of a release under the terms of the purchase and sales agreement, which the defendant claims cancelled said purchase and sales agreement.

The case was heard upon an agreed statement of facts, a copy of which is attached hereto.

The defendant seasonably presented the following requests for rulings and the court acted upon said requests as indicated:

1. That as a matter of law the plaintiff did not produce a customer ready to purchase the real estate of the defendant. *Denied*.

2. That as a matter of law, the plaintiff did not produce a customer willing to purchase the real estate of the defendant. *Denied*.

7. That as a matter of law the Release as signed by the seller and the buyer of such real estate under the terms and authority of Section 8B

of the contract, binds all parties whose names appear on said contract. *Denied.*

8. That as a matter of law, the plaintiff is not entitled to maintain this action because of the Release under Section 8B of said contract cancelled said contract and such contract became void and without recourse to the parties thereto. (Denied as appeal to Broker).

The court found for the plaintiff in the amount of $1,050.

The Agreed Statement of Facts reads as follows:
"It is hereby agreed by the parties hereto that the following are the relevant facts in this case:

1. On or about September 1, 1959, the defendant engaged the plaintiff to find a customer for the purchase of real estate located at 107 Myrtle Street, Boston, Massachusetts.

2. Shortly thereafter, the plaintiff found a customer for said property at a purchase price of $19,000.00.

3. A purchase and sale agreement was entered into on September 4, 1959, a copy of which is annexed hereto and marked "A". The plaintiff signed said agreement as "broker" through his agent. This agreement is an integrated contract and is definitive of the plaintiff's right to be paid a commision from the defendant.

4. The title to the said real estate proved to be defective and the defendant elected to extend the time for passing papers in order to try to perfect the title in accordance with Section 8 of said purchase and sale agreement. Defendant was unable to perfect title and thereupon elected to cancel the said purchase and sale agreement in

accordance with paragraph 8B. The purchaser assented in writing to the election to cancel, but the plaintiff did not assent. A copy of the election to cancel is annexed hereto and marked "B".

5. If the plaintiff is entitled to recover a commission from the defendant, the amount of that commission is $1,050.00.

6. It is agreed that if the defendant is to be relieved from paying the plaintiff the commission recited in said purchase and sale agreement, then such relief, if any, is to be found within the terms and provisions of said purchase and sale agreement and from no other source. The plaintiff contends that said purchase and sale agreement affords no such relief and the defendant contends that such relief is afforded."

The issue involved is a narrow one brought about as a result of two apparently conflicting provisions contained in a purchase and sales agreement signed by both of the parties to this litigation as well as by the purchase of the real estate involved.

"8B FAILURE TO PERFECT TITLE OR RESTORE PREMISES:

In case at the expiration of the extended time seller shall have used reasonable efforts and shall have failed so to remove any defect in title or to restore said premises or to deliver possession as herein agreed, or if the mortgagee refuses to permit the insurance proceeds to be used for the restoration of the premises, any payments made under this agreement shall be refunded and all other obligations of all parties hereto shall cease and this

agreement shall be void and without recourse to the parties hereto."

"Section 22 of the purchase and sale agreement makes the broker a party. This section reads as follows:

### BROKER AS PARTY

The broker named herein joins in this agreement and becomes a party hereto, insofar as any provisions of this agreement expressly apply to him, and to any amendments or modifications of such provisions to which he agrees in writing."

The title to the property proved defective, and acting under the provisions of clause 8 the purchaser and seller (the defendant) elected to cancel the purchase and sale agreement. This action was taken without the written or oral consent of the broker, (the plaintiff).

The defendant contends that this action by the principals precludes the right of the broker to recover against the principal for his commission. The trial judge refused to accept this interpretation of the contract and found for the broker.

Under our decisions it seems clear that in the absence of a stipulation to the contrary the broker is entitled to his commission if, acting in good faith, he procures a purchaser ready, willing and able to take the property under the terms offered by his principal, even when the contract is rescinded or the sale fails because of a defect in the prin-

cipal's title of which the broker has no notice. *McKallagat v. LaCognata*, 335 Mass. 376; *O'Neill v. Reardon*, 238 Mass. 120.

The same rule has been applied even when the broker returned the deposit to the prospective purchaser without the knowledge or consent of his principal after that principal repudiated his agreement to sell. *Franklin v. Davis*, 286 Mass. 202.

The defendant argues that the cancellation agreed upon by the purchaser and seller under the provisions of 8B "any payment shall be refunded and all other obligations of all parties hereto shall cease" expressly applies to the broker so as to come within the terms of Sec. 22 which provides that the broker is a party "insofar as any provision of THEIR AGREEMENT EXPRESSLY APPLIED TO HIM." (Emphasis supplied.)

We cannot accept this contention.

The intention of the parties as manifest by this agreement makes the purchaser and seller the principals to the agreement. The broker is in effect a collateral party and under the provisions of Sec. 22, is a "party" only where any provision expressly applies to him.

It seems to us that the defendant cannot say on the one hand that the broker is a party within 8B and Sec. 22 and on the other hand say that he is not enough of a party

to be necessary to join in the cancellation, which is the necessary act of putting section 8B into effect.

Kabatznick, Stern & Cooper, of Boston, Attorneys for the Plaintiff.

Meyers & Meyers, of Boston, Attorneys for the Defendant.

Thomas M. Simmons.