WILLIAM A. WALKER *vs.* NICODEMUS Q. TIRRELL.

Under a written agreement of a landowner to pay a broker a certain sum if he should send or cause to be sent to the landowner a person with whom the latter " may see fit and proper to effect a sale or exchange " of the land, the broker cannot recover the sum stipulated, without proof of a sale or exchange of the land; nor on a *quantum meruit* for services in negotiations for such a sale or exchange, without proof that such negotiations were rendered fruitless by fault of the landowner.

CONTRACT by a broker on a written agreement of the defendant concerning a sale or exchange of his house and land in North Weymouth; with a count for services rendered in negotiations for such a sale. Trial in the superior court, before *Lord*, J., who, after the plaintiff's counsel had opened the case, ruled that his offer of proofs would not support the action, and directed a verdict for the defendant. The plaintiff alleged exceptions. The case is stated in the opinion.

*I. D. Van Duzee*, for the plaintiff.

*N. C. Berry*, for the defendant, was stopped by the court.

CHAPMAN, C. J. The defendant's contract was in a writing making the following proposal: "If you send, or cause to be sent to me, by advertisement or otherwise, any party with whom I may see fit and proper to effect a sale or exchange of my real estate above described, I will pay you the sum of two hundred dollars." Above it was a description of the real estate referred to. The plaintiff declares on this contract, alleging its performance on his part; and adds a general count for his services in the performance of it.

But though he made all proper efforts, and found a person who offered to purchase the property, he did not find one with whom the defendant saw fit and proper to effect a sale or exchange. Thus it appears that the compensation is not due by the terms of the contract.

He might have a claim for services, if the sale or exchange had failed through the fault of the defendant, upon the principle stated in *Prickett* v. *Badger*, 1 C. B. (N. S.) 296, and *Cook* v. *Fiske*, 12 Gray, 491. But no such fact appears. The defendant expressly reserved the right to exercise his own judgment as to the fitness and propriety of making a sale to any person who might offer to purchase. There might be many good reasons for reserving such a right; and it was legal to make a contract on those terms. The plaintiff might have required him to stipulate that he should assign good reasons for refusing to sell or exchange; and in such case it would have been necessary to pass upon the validity of the reasons assigned by him. But the plaintiff did not require such a stipulation, but agreed to leave the matter to his judgment without requiring him to assign any reasons. The effect of this was to throw upon the plaintiff the risk of satisfying him. The compensation, then, by the terms of the agreement, was made to depend upon the completion of the sale or exchange. The court cannot see that the compensation, in case of the completion of the contract, was not made larger in view of the risk. But this is not material. The point to be decided is, what are the terms of the contract·

and, as it is found to contain a condition which has not been fulfilled, the plaintiff is not entitled to recover upon it; and, as it does not appear that the defendant is in fault, the plaintiff cannot recover upon a *quantum meruit. Exceptions overruled.*