*S. A. Phillips*, for the plaintiff.
*G. C. Travis*, for the defendant.

---

HUGH SMITH & another *vs.* BENJAMIN F. COLBY.

Middlesex.    Nov. 16, 1883. — Feb. 29, 1884.    C. ALLEN & HOLMES, JJ., absent.

To a declaration upon an account annexed for goods sold and delivered, the answer set up the breach of a special contract to deliver goods. At the trial, to prove the contract, the defendant offered in evidence a memorandum signed by himself, in connection with two letters written subsequently by the plaintiff to the defendant. The memorandum contained an agreement by the plaintiff to furnish ten thousand croquet sets to the defendant at a price named. The first letter contained these words: "We will undertake the croquet job upon the terms agreed upon when at your place." The second letter contained the following: "We wrote you that we would undertake the job of ten thousand sets." *Held*, that the evidence offered was sufficient to prove the contract alleged in the answer.

To a declaration upon an account annexed for goods sold and delivered, the answer set up the breach of a special contract to deliver goods. At the trial, to prove the contract, the defendant offered in evidence a memorandum signed by himself, in connection with two letters written subsequently by the plaintiff to the defendant. The presiding judge ruled that the contract alleged in the answer was not proved by the memorandum and letters; and the defendant excepted. It did not appear that the defendant requested a ruling that there was a variance between the contract alleged in the answer and the evidence offered to prove it, or that the objection was raised at the trial. *Held*, that the question whether there was a variance was not open upon the exceptions.

W. ALLEN, J. This is an action, upon an account annexed, for goods sold and delivered. The answer sets up the breach of a special contract to deliver goods. To prove the contract, the defendant offered a memorandum signed by himself, in connection with two letters written by the plaintiffs to the defendant. The presiding judge ruled that the contract alleged in the answer was not proved by the memorandum and letters. We think that the learned judge erred in this ruling. The letters, on their face, sufficiently refer to the memorandum. The memorandum was produced by the plaintiffs on the call of the defendant, and contains an agreement by the plaintiffs to furnish 10,000 croquet sets to the defendant at a price named. It is dated at Lowell, November 19, 1881. The defendant lived in Lowell; the plaintiffs, in Vermont. The first letter is dated November 29, 1881, and in it, over the plaintiffs' signature, are the words, " We will undertake the croquet job upon the terms agreed upon when at your place." The other letter is dated March 7, 1882, and in it are the words, " We wrote you that we would undertake the job of 10,000 sets." The first letter must be presumed to refer to the agreement signed by the defendant and in the possession of the plaintiffs, and the memorandum and that letter would be sufficient to prove a memorandum signed by the plaintiffs, within the statute of frauds; and proof of such a memorandum is sufficient proof of a contract in writing, as alleged in the answer.

Counsel for both parties have assumed in the argument, that the question whether there was a variance between the contract alleged in the answer and the memorandum offered in evidence was open on these exceptions. It does not appear that the defendant made any request for a ruling that there was a variance, or that the objection was raised at the trial. If it had been, it might have been obviated by amendment. The ruling made by the court was that the contract alleged in the answer was not proved by the memorandum and letters. The answer alleged a contract in writing, and this ruling naturally refers to the sufficiency of the evidence to prove a contract in writing, and cannot be construed to include another ruling upon the distinct question whether there was a variance between the contract alleged and one that was held not to have been proved. The

question whether there was a variance is not open on these exceptions.                          *Exceptions sustained.*

*F. T. Greenhalge*, for the defendant.

*G. Stevens & G. H. Stevens*, for the plaintiffs.