### J. M. HORNER *vs.* CLAUS SPRECKELS.

EXCEPTION TO RULINGS OF MCCULLY, J.

JULY TERM, 1886.

JUDD, C. J.; MCCULLY and PRESTON, JJ.

In a planting contract it was agreed that plaintiff should plant anew
200 acres each year, unless it was waived in writing by defendant;
in an action by plaintiff for breach, held that a nonsuit was pro-
perly directed by the trial justice, because the agreement to plant
200 acres each year was a condition precedent, and plaintiff ad-
mitted that it had not been complied with, and there was no
evidence of any written waiver by defendant.

Plaintiff alleged in his declaration that defendant agreed to supply
plaintiff with sufficient water, in the opinion of defendant or his
agent, to enable plaintiff to carry out the contract: held, the
burden of proof was on plaintiff to show that the supply of water
was not sufficient, in the opinion of defendant or his agent, and
that under the pleadings he could not be allowed to show that
defendant's agent had not acted in good faith.

Exceptions overruled.

OPINION OF THE COURT, BY PRESTON, J.

ON exception to the ruling of McCully, J., at trial.

This is an action of assumpsit, and was tried before McCully,
J., and a foreign jury, at the last April term, when the plaintiff
was nonsuited.

The plaintiff claims the sum of $31,902 82 for damages accruing
to him for a breach of contract as set out in the declaration.

The declaration states that the defendant, on the 19th January,
1880, agreed with one William Y. Horner, that in consideration
that said W. Y. Horner should, for the term of seven years there-
after, plant each year at least 200 acres of sugar cane for the de-
fendant upon the island of Maui, upon certain lands designated
by the said agreement, and cultivate, irrigate and strip the said
cane, and deliver the same to the defendant during the seasons
when the cutting of cane is going on, and when the defendant
should be ready to receive and grind the same, and perform other .

covenants set forth in said agreement, the defendant would furnish to said William Y. Horner from defendant's upper ditch such supply of water as in the opinion of the defendant or his agent should be sufficient for the said W. Y. Horner to carry out the terms of said agreement; and in case of a breakage of said upper ditch, or of excessive drought in the vicinity of said ditch, or if from any other cause the water should be low therein, the defendant would furnish said W. Y. Horner from such ditch such a quantity of water as should be the fair proportion to be distributed to him for the irrigation of the said land, in the opinion of the defendant or his agent, regard being had to the quantity of water flowing in said ditch and the quantity of land to be irrigated thereby. And that the defendant would grind and manufacture said cane into sugar, and deliver to said W. Y. Horner one-half of said sugar during the first year of said term, and one-third thereof thereafter.

The declaration then alleges an assignment by W. Y. Horner to the plaintiff (with the assent of defendant) of an undivided half of his interest in said agreement, and that thereafter, with the knowledge and assent of defendant, the interests of said W. Y. Horner and plaintiff were divided, and the lands cultivated separately.

Breach: That from and after the fourth of March, 1883, the defendant did not furnish for irrigation of said land, planted and cultivated with sugar cane separately by plaintiff, such supply of water from defendant's said upper ditch, or from any other source, as in the opinion of defendant or his agent was sufficient to enable the plaintiff to carry out the terms of said agreement, as applicable to him, and that there was no breakage of said upper ditch, or excessive drought in the vicinity thereof, or any other cause whereby the water of said upper ditch was low during such time as the defendant failed to furnish sufficient water as aforesaid, whereby the plaintiff sustained damages, etc.

Averment of performance of conditions, etc.

At the trial the agreement was produced, and it contains the following stipulation :

"II. During the term of this agreement said party of the second part (W. Y. Horner) shall, during each year of the term

created by this agreement, seed and plant anew at least 200 acres of the land described with sugar cane, unless the so doing shall be waived in writing by said party of the first part" (the defendant).

No evidence was given of any waiver in writing of this part of the agreement, but evidence was given by W. Y. Horner that, "by the earnest solicitation of the defendant, we planted 500 acres instead of 200 first year;" also that defendant and his superintendents and manager did not object to the plaintiff cultivating rattoons instead of planting anew.

The plaintiff gave similar testimony, and it may be taken as proven that the plaintiff's cane suffered from an insufficiency of water.

The plaintiff admitted that except about sixty acres (being all the land he could obtain), no cane was planted after the first year.

The defendant's agent and manager was not called by the plaintiff.

At the conclusion of the plaintiff's case, counsel for defendant applied for a nonsuit on the following grounds :

1. The plaintiff, on his own showing, has not complied with the contract by planting anew two hundred acres of cane each year, or shown any consent in writing for a modification of the contract in this particular.

2. Plaintiff has not proved that defendant has not furnished sufficient water, in the opinion of defendant's agent, to enable him to carry out the terms of the contract.

The Court nonsuited the plaintiff, who duly excepted, and the exceptions were argued on the 10th inst.

*S. B. Dole (Jona. Austin* with him), for plaintiff.

The contract in this case is a continuing contract to extend over seven years; the planting of the two hundred acres a year is not a condition precedent to the furnishing water for what cane is on the ground ; the cane growing during second year should be watered during that year until harvest.

It is not universally true that a party to a contract, who has himself failed to perform some of its provisions, is thereby precluded from recovering damages for a breach committed by the

other party.   The question in such cases is, whether the stipulation which the plaintiff has failed to observe was a condition precedent to the performance by the defendant, and whether it is of that character or not depends upon the general scope and intention of the agreement, to be gathered from its several provisions.

*Tipton vs. Feitner*, 20 N. Y., 423.

The furnishing of water is not dependent or conditional upon the planting of two hundred acres anew each year, and if by reason of failure of defendant to furnish water the plaintiff has suffered loss, he may recover damages for the breach.

But in this case the plaintiff has not in fact committed any breach; the contract on his part has been substantially fulfilled by planting within three years the whole of the six hundred acres, except the small portion occupied by the defendant's buildings which he refused, on request, to remove, and if the cane was not divided into three annual plantings, it was because the defendant urged the doing of it in advance of the time stipulated in the contract, and his act in so urging the planting operated as a waiver of the condition of two hundred acres a year.

Counsel further argued that the acts of defendant and his manager in not objecting to the rattoon crop operated as a waiver, and that a party who has prevented a performance shall not be allowed to avail himself of the non-performance he has occasioned.

The plaintiff, in good faith, relied upon the fairly implied promise that if he would put in as much cane as he could the first year, the so doing should not be taken advantage of by the defendant to his injury.

The defendant suffered and requested the plaintiff to go on after the time limited (the second year, 1881) and thus waived the forfeiture which he might have claimed.

*Sinclair vs. Talmage*, 35 Barb., 604.

The evidence shows substantial fulfillment of the condition to plant two hundred acres each year by planting the whole six hundred acres within the first three years.

The evidence shows that the plaintiff relied upon the acts and advice of the defendant and his agent to plant all he could and to raise rattoons, as waiving the condition requiring him to get consent in writing to do what they all wanted done.

Any breach of that condition should have been taken advantage of by the defendant at the end of 1881; not having done so he is now limited to a claim for damages for non-performance as to time. No such claim has been made.

The non-performance as to time was caused by the acts of the defendant and his agents, which rendered strict performance impossible within the bounds of reason and common sense.

They cited in support of their contention :

*Fleming vs. Gilbert*, 3 Johns., 531; *Friess vs. Rider*, 24 N. Y., 369; *Stone vs. Sprague*, 20 Barb., 515; *Mayor, etc., of N. Y. vs. Butler*, 1 Barb., 325, 337; *Young vs. Hunter*, 6 N. Y., 208.

As to the second ground of nonsuit:

The decision of Williams, (defendant's agent) as to the supply of water, was not made in good faith, it was made for the purpose of "freezing out" the Horners. He made his decision at once, on his arrival, without knowing anything about the work, except that he did not want the Horners there. The evidence shows clearly that Williams was an intelligent man, capable of forming a correct judgment; then it shows by undisputed capable witnesses that the water furnished was not sufficient, and it was not the opinion in good faith, of Williams, that it was sufficient.

A new trial should be granted, because while Williams decided that half of the water was enough for rattoons, there is nothing in the evidence to show that Williams thought there was enough to enable plaintiff to carry out the terms of the contract, and the defendant should be required to show this affirmatively.

*McClure vs. Briggs*, (Vermont) Albany L. J., March 20, 1886, p. 223, and cases there cited.

*Paul Neumann*, for the defendant.

Article II of the agreement is a condition precedent.

Performance is alleged but not proven.

An attempt to prove waiver was made but it was not proven. It was not pleaded, and cannot be proved if allegation is made that the conditions precedent are fulfilled.

*Ratcliff vs. Pemberton*, 1 Esp., 35; *Higgins vs. Lee*, 16 Ill., 500; Chitty on Contracts, Sec. 1083; *Crockwit vs. Fletcher*, 1 Hurlst. and N., 893.

The contract is of necessity in writing, falling within the

statute of frauds. Such a contract can be rescinded, and rescission proven by parol testimony, but an alteration of the contract, creating new obligations, in fact making a new contract, must be in writing, within the statute.

Chitty on Contracts, 155 ; *Moore vs. Campbell*, 23 L. J. Exch., 310. ( S. C. 26, E. L. and E., 524.)

The contract for the planting anew of two hundred acres every year could only be waived in writing, and no waiver in writing was produced.

### BY THE COURT.

In this case no claim of forfeiture arises, and therefore the arguments and authorities used and cited by plaintiff's counsel on that point do not require our consideration.

The case was elaborately argued on behalf of the plaintiff, but in our opinion the points and law involved are quite elementary.

We are of opinion, and the plaintiff by his declaration states, that the performance of article II of the agreement is a condition precedent.

It is unnecessary to consider the question whether the defendant has waived the performance of the condition precedent or not, because if there were any evidence of such waiver by parol (which we greatly doubt) it would not affect this case.

The plaintiff has averred the performance of all conditions precedent, and has not relied on any such waiver as an excuse for non-performance, and, therefore, according to all the fundamental rules of pleading, he cannot be allowed to prove any such excuse or waiver.

The contract declared upon is a contract required to be in writing, and can only be waived in writing. It is true that a performance of a written contract may be varied by parol, but this cannot be where the contract itself would not, by the statute of frauds, have been valid if made by parol, and we therefore consider the defendant's contention on this point to be correct.

See *Marshall vs. Lynn*, 6 M. and W., 110, and cases cited by defendant; *Blood vs. Goodrich*, 9 Wend., 68.

We are, therefore, of opinion that the nonsuit was properly ordered on this point.

On the second ground we are also of opinion that the nonsuit was right.

The burden was upon the plaintiff to prove that the water supplied was "sufficient in the opinion of the defendant or his agent." He has alleged it in the declaration and it is for him to prove it. He contends that the defendant's agent did not act in good faith. This is contrary to his averment, and could not be allowed to be proved under the pleadings.

See *Worsley vs. Wood*, 6 T. R., 710; *Butler vs. Tucker*, 24 Wend., 447; *Walker vs. Orange*, 16 Gray, 193; *Walker vs. Terrill*, 101 Mass., 257.

The exceptions are overruled with costs.

*S. B. Dole* and *Jona. Austin*, for plaintiff.

*Paul Neumann* and *F. M. Hatch*, for defendant.

Dated Honolulu, July 31, 1886.