HERBERT W. SPENCE *vs.* WALTER E. LAWRENCE.

Essex.   December 4, 1957. — April 11, 1958.

Present: WILKINS, C.J., RONAN, SPALDING, WHITTEMORE, & CUTTER, JJ.

*Broker,* Commission. *Practice, Civil,* Variance.

A real estate broker, employed to procure a purchaser of property and appointed sole and exclusive agent "for the sale of the property" at a price that would net the owner $22,000 after payment of the broker's commission, upon procuring a customer ready, able, and willing to buy the property for $23,000 and notifying the owner that he would reduce his commission to $1,000 so that the owner would receive $22,000 net, became entitled to the reduced commission, even though a sale of the property to his customer was not completed. [358]

A question of variance not raised by the defendant in the trial court cannot be raised by him in this court. [358]

A landowner who employed a real estate broker to sell his property for a certain price and made no objection to a customer procured by the

broker but rejected an offer by the customer solely on the mistaken ground that the price to be obtained by the broker was higher was not entitled, in an action by the broker for his commission, to contend that the broker could not recover for want of proof that his customer was ready, able, and willing to purchase the property. [358–359]

CONTRACT. Writ in the District Court of Southern Essex dated April 23, 1956.

The action was heard by *Johnson, J.*

*Alan F. Sawyer*, for the plaintiff.

*Albion L. Hogan*, for the defendant.

RONAN, J. This is an appeal by the plaintiff, a real estate broker, in an action of contract to recover a commission, from a decision of the Appellate Division which vacated a finding of a District Court for the plaintiff and ordered a finding for the defendant.

There was evidence that the defendant on March 21, 1956, entered into a written agreement with the plaintiff, the first paragraph of which is the only part now material and reads as follows: "In consideration of your agreement to endeavor to procure a purchaser therefor, I hereby employ you as the sole and exclusive agent for the sale of the property described above, for the price and on the terms mentioned, or for or upon any reduced price or other terms to which I shall consent. The said sole and exclusive agency shall continue until terminated by me upon notice in writing to you given of my intention so to terminate, but in no event shall it be terminated within less than thirty days from the date hereof." This agreement did not specify "the price and . . . the terms mentioned" or "any reduced price or other terms to which I [the defendant] shall consent." There was a dispute about the price at which the property was listed. The defendant claimed that it was listed for sale at $22,500 net after a commission of five per cent to be paid to the plaintiff. The plaintiff testified that the net price to be obtained was $22,000.

After signing of the exclusive agency created by the written agreement of March 21, 1956, the plaintiff advertised the property for $24,500 and submitted various offers ranging

from $18,500 to $20,000, some of which had been made by Dr. Halpert but all of which were rejected.

The property which is the subject of this controversy was the defendant's home, where he lived with his wife, the title to which was held by both as tenants by the entirety. The trial judge found that she was active in the negotiations with the plaintiff in behalf of her husband and that the husband held her out as his agent to the plaintiff in all matters pertaining to the sale of their home.

The plaintiff on the evening of April 20, 1956, which was the last day of the period of exclusive employment, called at the defendant's home. The defendant was not at home but his wife was. He told her that Dr. Halpert had made another offer and was willing to pay $23,000 and tendered the doctor's check for $500 as a deposit. She refused to accept the offer because after the payment of the commission it would not net the owners $22,500. The plaintiff replied that he would reduce his commission to $1,000 so that would result in obtaining $22,000 for their property. She still refused to accept the offer.

The defendant had written to the plaintiff on April 19, 1956, terminating the exclusive agency at the end of the following day, April 20, 1956, as he had the right to do. The defendant had spoken to one Coppola on April 19, 1956, with whom he executed a written agreement on April 21, 1956, and ultimately sold the property to Coppola's company for a price which netted the defendant $22,500. The plaintiff makes no contention that he had anything to do with the sale of the property to this purchaser.

At the trial in the District Court the judge found that the plaintiff was right in assuming that he was to find a purchaser who was able, ready, and willing to purchase at a price which would net the owners $22,000 and not $22,500 as they contended, that the plaintiff reduced his claim for a commission from five per cent of $23,000 to $1,000 so as to give the owners $22,000 clear, and that the plaintiff was entitled to his commission of $1,000. He therefore found for the plaintiff in this amount. The Appellate Division

reversed on the ground that the plaintiff had failed to show that his customer, Dr. Halpert, was ready, able, and willing to pay $23,000 for the property.

Where the broker's right to a commission is not by the terms of his undertaking made dependent upon the completion of a sale (see *Walker* v. *Tirrell,* 101 Mass. 257), the fact that, because of the neglect or refusal of the principal, the sale is not completed is immaterial and it is sufficient if the broker has procured a customer ready, able, and willing to purchase the premises at the price and on the terms stipulated by the seller. This principle of law has been recently reiterated in *McKallagat* v. *LaCognata,* 335 Mass. 376, 378, and cases cited. See also *Richards* v. *Gilbert,* 336 Mass. 617. The undertaking in the instant case required the broker "to endeavor to procure a purchaser" and appointed the broker as his sole and exclusive agent "for the sale of the property" at a price that would net the defendant $22,000. The defendant makes no contention that the commission is dependent upon a completed sale and even if he did he could not succeed. *Walker* v. *Russell,* 240 Mass. 386, 389–390. *Buono* v. *Cody,* 251 Mass. 286, 290. *Ripley* v. *Taft,* 253 Mass. 490, 492. *Maher* v. *Haycock,* 301 Mass. 594, 595. *Palmer Russell Co.* v. *Rothenberg,* 328 Mass. 477, 481. *Alphen* v. *Bryant's Market, Inc.* 329 Mass. 540, 542.

The defendant cannot complain that the purchase price of $23,000 would not net $22,000 plus a five per cent commission. The only requirement of the undertaking was that the net amount be $22,000 exclusive of commission. By reducing the commission to $1,000 the net amount due the defendant was $22,000 and the defendant has no right to ask for anything more. Nor do we find any variance between the allegations and the proof. If there was such a variance, as it was not claimed at the trial it cannot be raised in this court for the first time. *Smith* v. *Colby,* 136 Mass. 562. *Walker* v. *Russell,* 240 Mass. 386, 393.

The remaining contention of the defendant is that while the plaintiff's purchaser was willing, there was no evidence

that he was ready and able to purchase the property. This contention is not open to him. He raised no objection to negotiations with Dr. Halpert as a customer or with respect to his financial ability to purchase, but rejected Dr. Halpert's offer made through the plaintiff solely because he mistakenly thought he was entitled to an offer that would net him $22,500. He cannot now base his rejection on the ground of supposed lack of evidence of financial ability to purchase. The instant case is controlled by *Whitkin* v. *Markarian,* 238 Mass. 334, 336–337. See also *Frankina* v. *Salpietro,* 269 Mass. 292, 295; *Stern* v. *Old Colony Trust Co.* 276 Mass. 456; *Lieberman* v. *Cohn,* 288 Mass. 327; *Seigel* v. *Cambridge-Wendell Realty Co.* 323 Mass. 598; *Palmer Russell Co.* v. *Rothenberg,* 328 Mass. 477, 481. The same principle has been recognized in *Witherell* v. *Murphy,* 147 Mass. 417, *Holden* v. *Starks,* 159 Mass. 503, *Maksoodian* v. *Keller,* 243 Mass. 249, 251, and *Alphen* v. *Bryant's Market, Inc.* 329 Mass. 540, 542.

It follows that the plaintiff's undertaking was completed and he was entitled to his commission. The order of the Appellate Division must be reversed and judgment entered for the plaintiff in accordance with the finding of the District Court.

*So ordered.*