EDWARD SWARTZ, INC. *vs.* IRVING M. SAUNDERS & others.  July 2, 1962.  Exceptions overruled.  The judge rightly declined to direct a verdict for the defendants in this action for a broker's commission, which, on the evidence, could have been found due notwithstanding no sale was made.  *McKallagat* v. *LaCognata,* 335 Mass. 376, 378, and cases cited. The testimony of the plaintiff's treasurer that he was "to 'get' (meaning 'paid' as opposed to 'earned')" the commission "when papers passed" and that he could not answer "yes" or "no" as to whether he was "entitled to a commission in any sale until such papers were passed" went only to the weight of his other testimony tending to show that the commission would be earned when the customers were found.  See *Lord* v. *Williams,* 259 Mass. 278, 284.  The asserted inability to answer may have been due to uncertainty whether a conclusion of law was sought or as to the meaning of "entitled" as used in the question.  That the proposed buyers met the defendants' terms was shown by the buyers' written offer of purchase which was accepted and signed by the defendants.  Although that writing specified a deposit of $5,000, and the check therewith was not backed by money in the bank, there was evidence that the sellers took the check on the understanding that this was so and that funds would be deposited to meet it when a formal purchase and sale agreement should be signed.  The defendants had no right to withdraw because the mortgages which the jury could have found they had agreed to procure for the buyers were not forthcoming at the bank specified by the defendants.  *deFreitas* v. *Cote,* 342 Mass. 474, 477.  In view of the owners' acceptance of the customers after investigation of their financial standing, no other evidence was needed to show that ready, able, and willing buyers had been found. *Spence* v. *Lawrence,* 337 Mass. 355, 359, and cases cited.  The action was properly brought after the defendants' repudiation notwithstanding that, otherwise, the commission would have been payable only on the passing of papers.  *Rosenthal* v. *Schwartz,* 214 Mass. 371, 373.  There is nothing in the evidential exceptions.  It was within the judge's discretion to direct the defendants' counsel, as he neared the close of his argument, not to "argue the law any more in this case," counsel (in an argument omitted from the bill) having, as the judge ruled, misstated the law.  There was no

error in the denial of the defendants' requests for instructions.   All the defendants' contentions have been considered.

*Leon M. Fox (Samuel E. Seegel* with him) for the defendants.

*Jerome P. Facher* for the plaintiff.