Bohn, J.
In this action, the plaintiff seeks to recover $4,000.00 paid to the defendant as a deposit on the purchase of real estate located in Salem, Massachusetts. On July 15, 1987, judgment was entered for the defendant in the amount of $4,000.00 which signified an award of the plaintiffs deposit to the defendant as liquidated damages.
The issue before this Court is whether a letter delivered to the defendant by the plaintiff on October 24, 1984 constituted adequate notice of both the plaintiffs inability to obtain financing to purchase the property and his consequent election to terminate the contract pursuant to a financing contingency clause set forth as paragraph 30 in the parties’ agreement. Compliance with the notice requirements of paragraph 30 would have entitled the plaintiff to the return of his deposit.
The facts reported by the trial judge show that on October 19, 1984, the plaintiff offered to purchase the defendant’s residence at 2 Taft Rd., Salem, Massachusetts for the sum of $98,000.00. On that date, the plaintiff paid the defendant $1,000.00 as a deposit on the purchase of the property. The defendant accepted the plaintiffs offer.
On October 22,1984, three days after the plaintiff had offered to purchase the property, the’parties signed a purchase and sale agreement. On October 22, the plaintiff paid the defendant an additional $3,000.00 as a deposit.
*148 Four paragraphs of the October 22,1984 purchase and sale agreement are relevant to the resolution of this case. First, according to paragraph 22 of the agreement, the defendant was to retain all deposits in the event of a breach of the contract by the plaintiff. Second, according to paragraph 9 of the agreement, the premises were not to be in violation of any building or zoning code at the time of the delivery of the deed. Third, according to paragraph 30 of the agreement, if the plaintiff were unable to obtain a conventional bank loan of $88,200.00, payable in 30 years at then current interest rates, on or before November 1,1984, after exercising diligent effort to do so, all deposits made by the plaintiff to the defendant were to be refunded and all other obligations of either party were to cease. To exercise this termination clause, however, the plaintiff was required to notify the defendant or the defendant’s broker in writing on or before November 1,1984, of his inability to obtain such financing and his intention to terminate the contract. Fourth, according to paragraph 32 of the agreement, the plaintiff could have the property inspected on or before November 1,1984 and, if not satisfied with the results of the inspection, could terminate the agreement and recover all deposits. This contingency, however, was also conditioned on the plaintiffs obligation to notify the defendant in writing on or before November 1, 1984 of his intention to terminate.
On October 24,1984, two days after the purchase and sale agreement was signed, the plaintiffs attorney sent the following letter to the defendant’s attorney:
Dear Attorney_
Client desires to purchase the property but needs additional time to obtain financing.
He has made inquiry to several banks in the area and they advise a minimum of three-four weeks before commitment can be obtained.
Please consider this a notice under the offer and acceptance that financing has not been obtained.
Kindly advise if we can extend the time to obtain financing to November 19, 1984.
Thanks for your attention.
In a postscript added to his letter, counsel for the plaintiff also requested that the following provision be added to the purchase and sale agreement:
If it is determined that the location of the home is in violation of zoning ordinances or by-laws of the City of Salem, or of any building codes, then this agreement shall be null and void at the option of the buyer. Seller may correct such violation within sixty days. All deposits shall bear interest from date of receipt.
In response to the October 24, 1984 letter from plaintiffs counsel, the purchase and sale agreement was amended to extend the financing contingency clause contained in paragraph 30 of the agreement from November 1, 1984 to November 19, 1984, and language was added giving the plaintiff the option of declaring the agreement null and void if it were determined that the location of the house was in violation of zoning ordinances of the City of Salem.
Title to the Salem property was to be transferred from the defendant to the plaintiff on December 7, 1984. On that date, however, the plaintiff did not appear at the Registry of Deeds and did not perform his obligations under the amended purchase and sale agreement. Conversely, the defendant was prepared and able to complete the transfer of ownership of the property.
1. The plaintiff contends on this appeal that he is entitled to the return of the >4,000.00 deposit, based on the provisions of paragraph 30 of the purchase and *149 sale agreement as amended. Specifically, the plaintiff argues that his letter of October 24, 1984 satisfied the requirement that he notify the defendant in writing of his inability to obtain the mortgage commitment necessary to purchase the defendant’s home and his election to terminate the contract pursuant to the provisions of paragraph 30. The plaintiff’s argument,however, must fail.
The plaintiffs letter of October 24, 1984 did not constitute an adequate notice of the plaintiffs intention to terminate the contract in accordance with paragraph 30. Such letter did not state that the plaintiff was ultimately unable to obtain the necessary financing, but suggested only that the plaintiffs efforts as of October 24,1984 had been unsuccessful. More significantly, the letter did not contain an unequivocal statement of the plaintiffs decision to terminate the contract by invoking the provisions of paragraph 30. The letter instead requested an extension of the mortgage contingency period to November 19, 1984. It is clear that the letter in question can only be interpreted as a continuation of the parties’ contract rather than a termination of it.
The legal principles which control this case were set forth most recently in Tremouliaris v. Pina, 23 Mass. App. Ct. 722 (1987). In that case, which also involved an attempt by the buyers of real estate to recover a deposit, the Court of Appeals recognized that a mortgage contingency clause in a real estate purchase and sale agreement is usually included at the request and for the benefit of the buyer. As noted by that court, by conditioning the agreement on the buyer’s ability to obtain financing in a stated amount and on stated terms, such a provision enables the buyer to escape liability and to assure the return of his deposit should he be unable to obtain financing. Id. at 726. See also deFreitas v. Cote, 342 Mass. 474, 477 (1961). Under such a clause, however, a buyer is obliged to give prompt notice to the seller if, within the time allowed and after diligent effort, he has been unable to obtain financing and he therefore wishes to terminate the agreement. Tremouliaris v. Pina, 23 Mass. App. Ct. at 726. If he gives timely notice, the agreement becomes null and void and the buyer is entitled to the return of his deposit. Id. at 726. If he does not communicate his intention to terminate the agreement and does not request an extension, the buyer runs the risk of losing his deposit. Id. at 726-727.
In the present case, the agreement between the parties required the buyer to obtain a financing commitment or to give written notice of his inability to do so by November 1, 1984. At the buyer’s request, that date was extended to November 19,1984. On that latter date, when the plaintiff failed to notify the defendant that he had not obtained a mortgage commitment and therefore sought return of his deposit, he forfeited his right to the return of his deposit. As a consequence of that forfeiture, the defendant was entitled to retain the $4,000.00 as liquidated damages.
2. Similarly, the language contained in paragraphs 9 and 32 of the purchase and sale agreement was inserted in that contract for the benefit of the buyer. Paragraph 9 required that, at the time title of the property passed from the seller to the buyer, the premises were not to be found in violation of any building and zoning laws. Paragraph 32 gave the buyer the right to terminate the contract and request the return of his deposit if he were not satisfied with the results of an inspection of the house prior to closing. Because such clauses are inserted for the protection and benefit of the buyer, they can be waived by him. See deFreitas v. Cote, 342 Mass. 474, 477 (1961); Bossi v. Whalen, 19 Mass. App. Ct. 966, 967 (1985).
In the present case, the court found specifically that the plaintiff was aware of certain code regulations at the time he signed the purchase and sale *150 agreement and had thus waived his right to terminate the'contract pursuant to paragraph 9; and that the Salem property was not in violation of the zoning ordinance of the City of Salem. Both findings are entitled to the customary appellate deference, Dist./Mun. Cts. R. Civ. P., Rule 52(a); Lynch v. Andrews, 20 Mass. App. Ct. 623, 625 (1985); C. C. T. Construction Company v. Coleman Brothers Corporation, 8 Mass. App. Ct. 133, 135 (1979), and will not be set aside in this case, as there is sufficient evidence to support them. Moreover, it is not disputed that the plaintiff did not have the property inspected as provided for in both paragraph 9 and in paragraph 32 of the purchase and sale agreement. And, most importantly, it is not disputed that the plaintiff failed to notify the defendant in writing by November 1-, 1984 of his intention to terminate the purchase and sale agreement as required by the provisions of paragraph 32. By his failure to notify the defendant in writing of his intention to terminate, the plaintiff forfeited his right to the return of the deposit under paragraph 32. See Lynch v. Andrews, supra at 626.
The judgment of the trial court is affirmed. The report is dismissed.