Shubow, J.
The plaintiff sought recovery of deposits of four thousand dollars each given the defendants[3] in connection with two purchase and sale agreements involving parcels of real estate on Martha's Vineyard. The agreements, executed in November 1985, contained a passing date of March 1,1986, and a unique financing contingency clause. We do not find the precise wording of the clauses either in the *19 report or in the trial judge's memorandum of decision and have turned to the briefs of the parties to obtain the text. The purchaser set forth the contingency as it is recited in the agreement involving sale of WestTisbuiy property for $161,000 and the sellers quoted from the agreement referring to sale of Edgartown property for $104,000. The legally pertinent words, as distinguished from the sums being financed, are identical:
The performance of this agreement is contingent upon the buyer obtaining a written commitment for a first mortgage from a lending institution in the amount of $128„800.00 at a rate of interest not to exceed 14% per annum, payable in twenty (20) years. If such a bank loan cannot be obtained by February 1,1986, then all payments made under this agreement shall, at the option of the buyer, be refunded and all other obligations of the parties hereto shall cease and this agreement shall be void and without recourse to the parties hereto.
Each agreement declared “time is of the essence.”
Prescinding from the circumstances outlined in the report and the detailed findings of the judge to focus on what we deem to be the core issue, it appears that the purchaser learned in mid-January that the financing would not be available and notified the sellers of that fact on February 12,1986, orally and by confirming letter, stating that the agreements could not be performed and suggesting that the properties be put back on the market.[4]
On this state of things the judge found for the defendants.
The crucial request for ruling presented by the plaintiff trustee was “6. Actual notice to the Defendants of unavailability of financing was not required prior to the closing date setforth on the agreement.”The judge ruled: “Denied, calls for findings of fact; see findings.”
We agree that the plaintiffs statement of the law as embodied in his request should have been denied not, however, because it called for findings of fact but because it misconstrued the import of the financing clauses. It is apparent, as the report notes, that the contingency clauses contain no express requirement as to the time or manner in which the proposed buyer was bound to exercise his option to seek refund of payments in the fact of a failure to secure financing. But the construction for which the plaintiff argues would leave the sellers in limbo until the time of passing and treat the date “February 1,1986” as utterly devoid of meaning.
We consider the principles outlined in Tremouliaris v. Pina, 23 Mass. App. Ct. 722 (1987), to be controlling here a fortiorari. The contingency clause at issue in that case said nothing about the buyers having an option to recover their deposit but contained language having a mandatory ring calling for return of all deposits upon the buyer's failure to win a loan commitment within thirty days of signing their agreement. Moreover, there was no provision in the agreementthat timewas of the essence. Nevertheless, the court construed the document as containing, “even in the absence of a formal notice requirement, an implicit requirement that, to bring into play the ‘null and void’ provision, one party communicate to the other some form of notice” (at p. 726). The court recognized that a contingency financing clause is primarily for the benefit of the purchaser offering, for some defined period of time, a safeguard against losing the deposit if expectations about obtaining financing are disappointed. See Tremouliaris at p. 726. See also deFreitas v. Cote, 342 Mass. 474, 477 (1961), and Bossi v. Whalen, 19 Mass. App. Ct. 966, 967 (1987). Under the circumstances of the present case, we conclude that in order to have the benefit of the contingency, it was incumbent on the purchaser to give notice on or before February 1, 1986, that the agreement would fail of consummation and that the *20 bargained for option to call things off and recover the deposits was being exercised.[5]
The plaintiff trustee has argued two other issues in his brief. Neitherwas directly raised by requests for rulings. But since they were adverted to in the report or in the judge's findings we shall deal with them. See Reid v. Doherty, 273 Mass. 388, 389 (1930). Compare MacKenzie vs. Auto Supermart, Inc., 1986 Mass. App. Div. 165.
The first has to do with the issue of the omission from the defendants' answer of any affirmative claim as to the plaintiff's untimely notice under the contingency clause. The plaintiff argues that Dist./Mun. Cts. R. Civ. P., Rule 9(c) required the defendants to setup a denial of performance or occurrence of a condition precedent “specifically and with particularity.” But the defendants were not called upon to admit or deny an averment of timely notice in the absence of such an allegation in the complaint. In any case the issue was raised in the evidence at the trial and in final argument as the report discloses. Moreover, Dist./Mun. Cts. R. Civ. R, Rule 15(b) contemplates trial of issues not necessarily presented by the pleadings. See also Rule 54(c). And see Republic Floors of New England, Inc. v. Weston Racquet Club, Inc., 25 Mass. App. Ct. 479, 487 (1988).
Thefinalissuearguedbytheplaintiff,althoughnotformallypreserved,isthatthe result reached by the court is inequitable, creates a windfall in favor of the defendants and amounts to an unlawful penalty.The subject does not appear to have been presented to the trial judge, is not embraced within any requestfor aruling and has not, understandably, been briefed by the defendants. The judge did, however, make findings describing at least sketchily costs which the defendants suffered because of the buyer's late notice. We believe the plaintiff could not have prevailed on this issue even if properly saved by reason of the doctrine set out in Lynch v. Andrew, 20 Mass. App. Ct. 623, 627-628 (1985). “When losses are difficult to quantify, considerable deference is due the parties' reasonable agreement as to liquidated damages” (atp. 628).
No prejudicial error having been shown, the report is dismissed.[6]

 James T. Ciciora and'Patricia R. Ciciora. The report and the parties' briefs identify the Estate of Theta Lufkin as a third party defendant The judge's decision seems to be in favor of the third party. No question has been presented to us regarding that aspect of the case.

 There were subsequent inconclusive negotiations but in the view we take these are not material, likewise,the pleadings originally focused on whether the plaintiff had sought the financing with appropriate diligence. See Sechrest v. Safiol, 383 Mass. 568 (1981); Lynch v. Andrew, 20 Mass. App. Ct. 623 (1985).

 Thereport states that the appellant was also aggrieved by denial of the request for ruling “3. The availability of financing in each agreement was a condition precedent that was not fulfilled." That request was properly denied. The request is an incomplete statement of the reach of the contingency clause which was not automatically effective but required some initiative on the part of the plaintiff to take advantage of what was, at best, a time-limited option.

 Justice Black was present at the hearing but was no longer serving on the appellate division at the time the case was decided.